# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEIL GRYGO,<br>601 W. Holly Ave, Apt 9<br>Pitman, New Jersey 08071<br><br>and<br><br>BRIAN GRYGO,<br>1106 State Road,<br>Westville, New Jersey 08093<br><br>      Plaintiffs,<br><br>  v.<br><br>AT HOME MEDICAL EQUIPMENT, LLC<br>219 Mount Laurel Road,<br>Mount Laurel, New Jersey 08054<br><br>and<br><br>ELISE NOCELLA<br>c/o AT HOME MEDICAL EQUIPMENT, LLC<br>219 Mount Laurel Road,<br>Mount Laurel, New Jersey 08054<br><br>      Defendants. | NO:<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiffs Neil Grygo (hereinafter "Plaintiff Neil") and Brian Grygo (hereinafter "Plaintiff Brian") (hereinafter collectively referred to as "Plaintiffs"), by and through undersigned counsel, hereby complain as follows against Defendants At Home Medical Equipment, LLC and Elise Nocella (hereinafter collectively referred to as "Defendants").

## INTRODUCTION

1. Plaintiffs have initiated the instant action to redress Defendants' violations of the Fair Labor Standards Act ("FLSA"), the New Jersey Wage and Hour Law ("NJWHL"), and the New Jersey Wage Payment Law ("NJWPL"). Plaintiffs assert that Defendants failed to pay all wages owed, including overtime compensation, to Plaintiffs. Additionally, Plaintiff Neil asserts that Defendants fired him in retaliation for his complaints of Defendants' failure to pay proper overtime compensation.

## JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA, 29 U.S.C. § 201 et seq.  This Court has jurisdiction over the state law claims because they are supplemental to the underlying federal claims and arise out of the same transaction or occurrence, having the same common nucleus of operative facts pursuant to 28 U.S.C. §1367(a).

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## **PARTIES**

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Plaintiff Neil is an adult individual with an address as set forth above.

8. Plaintiff Brian is an adult individual with an address as set forth above.

9. Defendant At Home Medical Equipment, LLC is a medical equipment delivery company that operates and conducts business in New Jersey.

10. Defendant Elise Nocella is an adult individual and the owner of Defendant At Home Medical Equipment, LLC.

11. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## **FACTUAL BACKGROUND**

12. The foregoing paragraphs are incorporated herein as if set forth in full.

13. Defendant At Home Medical Equipment, LLC is a supplier of medical equipment and delivers said equipment to various locations, including but not limited to, doctors' offices, patient homes, and nursing homes.

14. From on or around May 13, 2014 to on or around May 31, 2017, Plaintiff Neil worked for Defendants as a patient care coordinator.

15. From in or around July 2013 to in or around May 2016, Plaintiff Brian worked for Defendants as a patient care coordinator and fleet manager.

16. Plaintiffs' duties as patient care coordinators primarily included delivering of Defendants' equipment.

17.     Plaintiff Brian's duties as fleet manager primarily included repairing Defendants' delivery vehicles.

**Failure to Pay Overtime**
**(Plaintiffs v. Defendants)**

18.     The foregoing paragraphs are incorporated herein as if set forth in full.

19.     From the date of Plaintiff Neil's hire until in or around April 2015, Defendants paid Plaintiff Neil $16 per hour.

20.     Thereafter, Defendants paid Plaintiff Neil $18 per hour.

21.     At all times relevant, Defendants paid Plaintiff Brian $19 per hour.

22.     Defendants did not regularly pay Plaintiffs any additional monies for hours worked in excess of forty (40) each workweek.

23.     At no time did Plaintiffs supervise any employees of Defendants.

24.     At no time did Plaintiffs exercise discretion or independent judgment over matters of significance on behalf of Defendants.

25.     At no time did Plaintiffs supervise any employees of Defendants.

26.     At all times relevant, Defendants paid Plaintiffs hourly wages, not salaries.

27.     Accordingly, Plaintiffs were non-exempt employees of Defendants under the FLSA and NJWHL.

28.     Plaintiffs regularly worked over 40 hours per workweek but Defendants only paid proper overtime wages on occasion, as a bonus.

29.     However, Plaintiffs regularly arrived at work around 8:00 a.m. and began working to prepare for their day (loading the car with equipment for delivery, getting their schedules and routes in order, and turning in previous equipment from the day prior).

30. Defendants did not begin paying Plaintiffs until between 8:30 to 8:45 a.m.

31. Accordingly, Plaintiffs were performing work prior to the start of their shift but did not receive any remuneration for same.

32. Throughout the remainder of the day, Plaintiffs would deliver medical equipment to various locations throughout the New Jersey/Philadelphia area, such as doctors' offices, patient homes, and nursing homes.

33. Defendants automatically deducted one hour of pay each day Plaintiffs worked, claiming the deduction was a "lunch break."

34. However, Plaintiffs rarely, if ever, had a bona-fide lunch break.

35. In fact, Plaintiffs' delivery schedules were so busy, Plaintiffs rarely had time to use the restroom and they were prohibited from doing so at customer sites.

36. Plaintiffs regularly worked until between 5:30-6:00 p.m. in the evening and upon arriving home, spent approximately twenty (20) to thirty (30) additional minutes completing paperwork.

37. Further, Plaintiff Brian was required to perform maintenance, such as oil changes for Defendants' cars, on Saturdays.

38. When Plaintiff Brian's employment ended in May 2016, Defendants required Plaintiff Neil perform the maintenance duties on Defendants' delivery vehicles, each Saturday, without pay.

39. Accordingly, Plaintiffs regularly worked around fifty (50) to fifty-four (54) hours per week.

40. However, for the vast majority of the weeks worked by Plaintiffs, Defendants paid Plaintiffs for only forty (40) hours of work.

41. Plaintiffs regularly complained about Defendants' failure to pay them proper overtime wages.

42. Plaintiffs complained to Supervisor Amanda Shields ("Supervisor Amanda"), Supervisor Frank (last name unknown) ("Supervisor Frank"), and Defendant Elise Nocella ("Owner Nocella") about Defendants' failure to pay them for all hours worked.

43. Supervisor Amanda and Supervisor Frank ignored Plaintiffs' complaints.

44. On one occasion, Owner Nocella told Plaintiff Brian that *"going home after deliveries was a privilege given to [Plaintiffs] in lieu of overtime."*

45. Despite Owner Nocella's response, Plaintiffs continued to complain.

46. Thereafter, Owner Nocella regularly ignored Plaintiffs' complaints but occasionally offered them a "bonus," in the form of some overtime compensation, to pacify Plaintiffs.

47. As a result of Defendants' actions, Plaintiffs have suffered damages.

### Wrongful Termination
### (Plaintiff Neil v. Defendants)

48. On or around May 30, 2017, Plaintiff Neil was overloaded with deliveries.

49. Plaintiff Neil complained to Defendants that his delivery schedule was booked and as a result he would have to work late.

50. Plaintiff Neil also complained that he would not be getting any additional payment for hours worked in excess of 40 that workweek.

51. The next day, Defendants fired Plaintiff Neil in retaliation for his continued complaints.

52. As a result of Defendants' actions, Plaintiff Neil has suffered damages.

### COUNT I
### Fair Labor Standards Act ("FLSA")
### (Failure to pay Overtime Compensation)
### (Plaintiffs v. Defendants)

53. The foregoing paragraphs are incorporated herein as if set forth in full.

54. At all times relevant herein, Defendants have and continue to be an employer within the meaning of the FLSA.

55. At all times relevant herein, Plaintiffs were employed with Defendants as "non-exempt employees" within the meaning of the FLSA.

56. At all times relevant herein, Defendants were responsible for paying wages to Plaintiffs.

57. Under the FLSA, an employer must pay a non-exempt employee at least one and one-half times his or her regular rate for each hour worked in excess of forty (40) hours per workweek.

58. Defendants' violations of the FLSA include failing to pay Plaintiffs at least one and one-half times their regular rate for hours worked in excess of forty (40) hours per workweek.

59. Defendants' conduct in failing to pay Plaintiffs proper overtime wages was/is willful and was/is not based upon any reasonable interpretation of the law.

60. As a result of Defendants' unlawful conduct Plaintiffs have suffered damages as set forth herein.

## COUNT II
## Violations of the FLSA
### (Retaliation)
### (Plaintiff Neil v. Defendants)

61. The foregoing paragraphs are incorporated herein as if set forth in full.

62. At all times relevant herein, Plaintiff Neil complained of Defendants' failure to pay proper overtime wages for hours worked in excess of 40 per workweek.

63. Plaintiff Neil's complaints were protected under FLSA.

64. Defendants fired Plaintiff Neil in retaliation for his repeated complaints, as outlined above.

65. As a result of Defendants' actions, Plaintiff Neil has suffered damages.

## COUNT III
## Violations of the New Jersey Wage and Hour Law ("NJWHL")
### (Failure to pay Overtime Compensation)
### (Plaintiffs v. Defendants)

66. The foregoing paragraphs are incorporated herein as if set forth in full.

67. At all times relevant herein, Defendants have and continue to be an "employer" within the meaning of the NJWHL.

68. At all times relevant herein, Defendants were responsible for paying wages to Plaintiffs.

69. At all times relevant herein, Plaintiffs were employed by Defendants as "employees" within the meaning of the NJWHL.

70. Under the NJWHL, an employer must pay an employee at least one and one half times his or her regular rate of pay for each hour worked in excess of forty hours per workweek.

71. Defendants' conduct in failing to pay Plaintiffs proper overtime compensation for all hours worked beyond 40 per workweek violated NJWHL.

72. As a result of Defendants' unlawful conduct, Plaintiffs have suffered damages as set forth herein.

## COUNT III
### Violations of the New Jersey Wage Payment Law ("NJWPL")
**(Failure to Pay Wages Owed)**
**(Plaintiffs v. Defendants)**

73. The foregoing paragraphs are incorporated herein as if set forth in full.

74. At all times relevant herein, Defendants have and continue to be "employers" within the meaning of the NJWPL.

75. At all times relevant herein, Defendants were responsible for paying wages to Plaintiffs.

76. At all times relevant herein, Plaintiffs were employed by Defendants as "employees" within the meaning of the NJWPL.

77. Defendants failed to pay Plaintiffs all wages owed by automatically deducting lunch breaks from Plaintiffs' pay.

78. Defendants failed to pay Plaintiffs for off-the clock work.

79. As a result of Defendants' unlawful conduct, Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Plaintiffs pray that this Court enter an Order providing that:

(1) Defendants are to be prohibited from continuing to maintain their illegal policies, practices or customs in violation of federal and state wage and hour laws;

(2) Defendants are to compensate, reimburse, and make Plaintiffs whole for any and all pay they would have received had it not been for Defendants' illegal actions, including but not limited to past and future lost earnings;

(3) Plaintiffs are to be awarded liquidated damages under the FLSA in an amount equal to the actual damages in this case;

(4) Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

(5) Plaintiffs are to be awarded all other relief this Court deems just and proper;

(6) Plaintiffs' claims are to receive a jury trial.

        Respectfully Submitted,

        *s/ Matthew Miller*_____
        Matthew D. Miller, Esq.
        Richard S. Swartz, Esq.
        Justin L. Swidler, Esq.
        Joshua S. Boyette, Esq.
        **SWARTZ SWIDLER, LLC**
        1101 Kings Highway North, Suite 402
        Cherry Hill, NJ 08034
        Phone: (856) 685-7420
        Fax: (856) 685-7417
        Email: mmiller@swartz-legal.com

Date: March 27, 2018